SIDNEY BLUMENTHAL & COMPANY *vs.* MARY JUCKNIK.

MAY 25, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This is an employer's petition under the workmen's compensation act, general laws 1938, chapter 300, for review of a preliminary agreement entered into by the parties on October 13, 1948 and approved by the director of labor.   It is before this court on the respondent employee's appeal from a decree of the superior court which authorized suspension of compensation on the ground that respondent's incapacity for work had ended.

The record discloses the following pertinent facts.   The respondent, on September 24, 1948, while employed by petitioner received an injury by accident arising out of and in the course of her employment when a heavy bobbin struck her on the chest, resulting in contusion of the left ribs.   Respondent's incapacity for work began on September 28, 1948 and on October 13, 1948 the parties entered into a preliminary agreement wherein the aforementioned facts were recited and further facts were agreed upon, namely, that respondent's average weekly wage at the time of the accident was $49.38 and that she was entitled to compensation in the sum of $20 per week.

Thereafter, on January 7, 1949, petitioner filed in the office of the director of labor a petition to review the preliminary agreement on the ground that the employee's incapacity had ended or diminished.   After a hearing the director of labor rendered a decision to the effect that respondent was no longer incapacitated by reason of her accidental injury of September 24, 1948 and he ordered that compensation payments, as provided in the preliminary agreement, should be suspended as of the date of the decision.

From this decision and order respondent appealed to the superior court where the cause was heard *de novo*.   At the conclusion of the testimony the trial justice found that respondent was no longer incapacitated for work by reason of the accidental injury sustained by her on September 24,

1948.  A final decree incorporating this sole finding of fact was entered on May 1, 1950, in which decree petitioner was given the right to suspend the compensation payments provided for in the preliminary agreement.  From the entry of this decree respondent has claimed an appeal to this court.  The sole question before us is whether there is any legal evidence to support such finding.

Respondent argues that the finding of fact was based solely on the testimony of Dr. John C. Ham and that other medical testimony was overlooked or disregarded by the trial justice.  In support of this contention she points merely to the statement of the trial justice in his decision from the bench as follows: "I accept Dr. Ham's view of this case."  The trial justice has the undoubted right to base his finding on the testimony of any one of several physicians.  It does not necessarily follow from his remark above quoted that he either overlooked or disregarded without consideration the testimony of the other physicians, as respondent contends.  Under the workmen's compensation act the power to determine questions of fact is placed solely in the superior court, and in the absence of fraud, which is not alleged in the instant case, findings of fact by the trial justice if supported by legal evidence are conclusive.  G. L. 1938, chap. 300, art. III, §6.  *Rachiele* v. *George A. Fuller Co.*, 71 R. I. 446; *Baccari* v. *W. T. Grant Co.*, 73 R. I. 376.

A careful examination of the transcript discloses ample evidence which in our opinion supports the finding of fact complained of by respondent.  It is to be noted that the preliminary agreement imposed liability upon the petitioner only for incapacity resulting from "contusion left ribs."  Doctor Ham testified that on July 11, 1949 he examined respondent to see whether she still had a contusion of the left ribs; that he did so by visual examination and by palpation and found no objective evidence of any abnormality.  He further testified that at the time of such examination he did not think respondent was incapacitated for work due to contusion of her left ribs.

Doctor Louis A. Sage testified that he examined respondent on March 29, 1949 and "That as far as her ribs—in fact, any orthopedic problem was concerned—I found nothing to disable her." Doctor William J. H. Fisher, Jr., called as a witness by respondent, testified on cross-examination that he examined the respondent on April 10, 1950 and that on that date he found no evidence that she was incapacitated for work by reason of the *contusion of the left ribs*.

Doctor Herbert E. Harris examined respondent on November 26, 1948. His report, dated December 13, 1948, which was introduced by petitioner and marked exhibit 3 concludes: "This sounds like a severe contusion with possibly a strain of the intercostal muscles on the left side. From the clinical and xray examinations I feel that this patient is able to return to her regular work."

Although the trial justice could properly have based his finding on the testimony of Dr. Ham alone, we are of the opinion that there was ample legal evidence, *in addition to that of Dr. Ham,* to support the only finding of fact in the decree complained of, namely, that the respondent's incapacity for work resulting from the injury set forth in the preliminary agreement had ended. In these circumstances an order to suspend further payment of compensation was properly entered.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court.

*Worrell and Hodge, Paul H. Hodge,* for petitioner.
*Crowe & Hetherington,* for respondent.